

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2669
Re: Authority of Limitation of
Payments Board to authorize
purchase of automobiles.

This will acknowledge receipt of your letter
of August 22, 1940, in which you advise that a grant of
the Limitation of Payments Board gave the Railroad Com-
mission authority to expend surplus funds for the purchase
of a number of automobiles; that a bill has been drawn
against this grant for the payment of an automobile and
presented to you for payment. You point out that in
Opinions Nos. 0-1294, 0-1321, and 0-2404, this department
has held that the Limitation of Payments Board has no au-
thority to grant a department additional traveling expenses.
You also advise that for many years the Comptroller's De-
partment has held that, in the absence of a specific appro-
priation, the purchase of automobiles, plus maintenance
costs, were traveling expense items and properly chargeable
against traveling expense appropriation.

You ask the following questions:

1. Should the purchase of an automobile in the
absence of a specific appropriation for the purchase of
such be charged against a traveling expense appropriation?

2. Is the grant of the Board a valid grant?

In the general rider appended to Senate Bill 427,
Acts of the 46th Legislature, paragraph (1), under the
heading "Traveling Expenses", reads as follows:

"No monies herein appropriated shall be
spent for the purchase of a passenger car in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, page 2.

excess of $750.00, including the trade-in value
of a used car, and this limited price shall
cover a car equipped with bumpers and extra rim
or wheel but not an extra casing and tube."

It is clear that the Legislature thus regarded
the purchase of an automobile as an item of "Traveling
Expenses". Your first question is therefore answered in
the affirmative. In the absence of such a provision in
the general rider, the question would be more difficult,
but even in that event, it is not clear that the purchase
of an automobile should not be regarded as an item of
"Traveling Expenses", and we would therefore be inclined
to adopt the construction placed by your department upon
the term "Traveling Expenses" as used in the Departmental
Appropriation Bills over a long period of years.

Since the purchase of automobiles is an expend-
iture for "Traveling Expenses", under the Departmental
Appropriation Bill and the construction given the term
"Traveling Expenses" by your department over a number of
years, it is apparent that the Limitation of Payments
Board, in granting the Railroad Commission authority to
expend surplus funds for the purchase of automobiles, has
supplemented the item appropriated to the Railroad Com-
mission for traveling expenses, and made available to the
Railroad Commission a larger sum of money than was speci-
fically provided for that purpose by the Legislature.
Since, as we have held in the opinions cited above, the
Limitation of Payments Board has no authority to grant per-
mission to expend surplus funds for traveling expenses, it
follows that the grant of the Limitation of Payments Board,
insofar as it conferred authority upon the Railroad Com-
mission to expend surplus funds for the purchase of auto-
mobiles, is an excess of the authority conferred by the
Legislature upon the Limitation of Payments Board, and is
therefore invalid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 28, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Richard W. Fairchild
Assistant

RWF:jm